Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the Eastern District
District of Louisiana

_____ Division

Case No. **21-1382**

**SECT. L MAG. 5**

Erin Carter
_____
Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

Brener & Kraus Law LLC
Chelsea Cusimano
Douglas Kraus
_____
Defendant(s)
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)

Jury Trial: (check one) ☑ Yes ☐ No

## COMPLAINT FOR A CIVIL CASE

**I. The Parties to This Complaint**

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Erin Carter
Street Address: 220 S. Calvin Ave
City and County: Gonzales, Ascension
State and Zip Code: Louisiana 70237
Telephone Number: (225) 450-2877
E-mail Address: erinincluded@gmail.com

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

**TENDERED FOR FILING**

JUL 20 2021

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

Fee $402.00  LAE 0285L2     Page 1 of 5
___ Process _____
X_ Dktd _____
___ CtRmDep _____
___ Doc.No. _____

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1
- Name: Brener & Kraus, LLC
- Job or Title (if known):
- Street Address: 3640 Magazine St.
- City and County: New Orleans LA
- State and Zip Code: LA 70115
- Telephone Number:
- E-mail Address (if known):

Defendant No. 2
- Name: Chelsea Cusimano
- Job or Title (if known): Attorney
- Street Address: Same as above
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Defendant No. 3
- Name: Douglas Kraus
- Job or Title (if known):
- Street Address: Same as above
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Defendant No. 4
- Name:
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✓] Federal question          [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

LA stat 37:212 - 37:213 et seq

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual
      The plaintiff, *(name)* Chelsea Cusimano, is a citizen of the State of *(name)* Louisiana.

   b. If the plaintiff is a corporation
      The plaintiff, *(name)* Douglas Kraus, is incorporated under the laws of the State of *(name)* Louisiana,
      and has its principal place of business in the State of *(name)* _____

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual
      The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

    b.    If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____
Or is incorporated under the laws of *(foreign nation)* _____,
and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

*Greater than $75,000*

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

*Legal Malpractice Tort Personal Injury*

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

*See Complaint*

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 7/20/2021

Signature of Plaintiff: *[signature]*

Printed Name of Plaintiff: BRIN CARTER

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

Erin Carter

        Plaintiff,

v.

Brener & Kraus Law, LLC, a limited liability corporation in the State of Louisiana; Chelsea Cusimano, individually and in her official capacity as attorney; Douglas Kraus, individually and in his official capacity as attorney

        Defendants,

## COMPLAINT WITH JURY TRIAL DEMAND

NOW INTO COURT, through undersigned counsel, comes Erin Carter (hereinafter, "Plaintiff" or "Ms. Carter"), an individual of the age of majority, domiciled in the State of Louisiana, Parish of Tangipahoa, who respectfully represents as follows:

1. This Court has original subject matter jurisdiction of this action pursuant to <u>LA Rev Stat § 37:212</u>, et seq., § 37:213 et seq., for the reason that this action arises under the laws of the United States, and specifically, attorneys and practice of law

2. Plaintiff is a citizen of the State of Louisiana, and is domiciled in and a resident of Tangipahoa, Louisiana.

3. Defendants, Brener & Kraus is a limited liability corporation of the state of Louisiana, Chelsea Cusimano, attorney, is an individual of the age of majority, upon information and belief resident of Orleans Parish, individually and in her official capacity as attorney for Brener & Kraus Law, LLC., and Douglas Kraus, attorney, is an individual of the age of majority, upon information and belief resident of Orleans Parish, individually and in his official capacity as attorney for Brener & Kraus Law, LLC.

## FACTS

4. Erin Carter was employed by the St. Tammany Parish School Board as a Mathematics teacher. During her employment, Erin was subjected to race discrimination, hostile work environments, harassment, retaliation, and other less favorable actions including but not limited to the execution of her employment which violated her rights. Those rights include, but are not limited to established constitutional rights, federal and state laws, as well as district, board, and federation policies establishing the terms and agreement of Erin's employment. Erin's employment was terminated on July 5, 2017.

5. After Erin's termination, a complaint was filed with the EEOC in November 2017, and with the DOL in April 2018. Erin subsequently contacted Douglas Kraus to represent her on March 8, 2018, regarding these matters. A contingency fee of 33 1/3% was mentioned, but a contingency fee contract was not presented.

6. During the second meeting, Attorney Kraus introduced Chelsea Cusimano as she entered the meeting. Kraus informed Plaintiff that Chelsea would be the individual whom she would speak with regarding the case going forward. Still no contract was presented nor mentioned at this meeting.

### Timeline of Events 2019
**March - includes but not limited to**

March 12, 2019, Plaintiff emails Defendants inquiring about process for a FOIA request to DOL.
March 12, 2019, Plaintiff informed Defendants Federation did not represent her at hearing with the St. Tammany Parish School Board
March 25, 2019, Defendant Kraus states he would look at things in detail this week.

**April - includes but not limited to**

April 3, 2019, Plaintiff shares concern regarding time and case.
April 3, 2019, Defendant Kraus informs Plaintiff she does not need to do anything related to EEOC
April 22, 2019, Defendants shares with draft of complaint with Plaintiff
April 22, 2019, Defendant Kraus calls Plaintiff to discuss complaint
April 23, 2019, Defendants filed FMLA Complaint

### May - includes but not limited to

May 23, 2019, Plaintiff emails after a month and no communication
May 23, 2019, Defendants inform Plaintiff of St. Tammany Parish School Board et al. answer received on May 20, 2019

### June - includes but not limited to

June 3, 2019, Plaintiff email to Defendants to meet and pick up documents surrendered during initial meeting.
June 5, 2019, Meeting.
June 10, 2019, Plaintiff email informing Defendants of Right to Sue letter received from EEOC.

### July - includes but not limited to

July 1, 2019, Defendant Kraus email informing Plaintiff of Scheduling Conference held on June 26, 2019.
July 1, 2019, Defendant Kraus informs Plaintiff Defendant Cusimano will get to work on amended complaint to add Title VII as soon as she has a chance.
July 1, 2019, Plaintiff reply asking Defendants to please give case the time and attention required.
July 16, 2019, Defendant email Plaintiff amended complaint
July 18, 2019, Plaintiff reply with revisions to amended complaint
July 23, 2019, Defendant Cusimano states Plaintiff's additions requested to amended complaint had already been filed.

### August - includes but not limited to

August 21, 2019, Plaintiff email Defendants regarding final submission after nearly a month and no communication
August 21, 2019, Defendants reply stating attorney is preparing for summary judgment trial. Will be in touch Friday.

## Timeline of Events 2020
### March - includes but not limited to

March 4, 2020, Plaintiff emails Defendants, as there was no communication since August 2019, regarding pre-trial and concern for deadline dates passed
March 4, 2020, Defendants reply informing Plaintiff of St. Tammany Parish School Board et al. attorney's health matter causing a delay in litigation.
March 5, 2020, Plaintiff email Defendants making it clear help is needed as the school system had begun targeting Plaintiff's children
March 5, 2020, Defendants responded back stating we will discuss FOIA and talk next week
March 17, 2020, Defendants inform Plaintiff they will be looking at documents this week
March 23, 2020, Defendants email 18 days later to discuss documents. Requesting information previously provided and given

March 23, 2020, Plaintiff reply back resulting in a series of exchanges not helpful nor positive.
March 24, 2020, Defendants email "Phone Conference Request"
March 25, 2020, Phone conference scheduled
March 26, 2020, Phone conference held - less than an hour
March 26, 2020, Defendants email after phone conference "Documents produced by Defense." Documents provided to Plaintiff. Sent via mail on jump drive

### April - includes but not limited to

April 1, 2020, Defendants inform Plaintiff physical office closed due to Covid-19 exposure
April 13, 2020, Defendants email Plaintiff to confirm receipt of jump drive, stating "Not much is happening right now."
April 27, 2020, Defendant Cusimano email concerning receipt of drive and no communication from Plaintiff regarding receipt.

### May - includes but not limited to

May 22, 2020, Phone Conference cancelled by Plaintiff, Carter.
May 22, 2020, Plaintiff exchange a series of emails with Defendants. Attorney requesting documents previously given. Stating we are behind in our submission of answers
May 22, 2020, Plaintiff asked what was needed. Plaintiff also asked about a contract.
May 22, 2020, Plaintiff email Defendants with documents attached responding to documents produced by defense
May 22, 2020, Defendants email Plaintiff regarding phone conference to be scheduled June 1, 2020
May 27, 2020, Defendant Cusimano reply after inquiry about contract stating, "I am working on getting a new contract together, as well as having Tracy sending you the second scheduling order."

### June - includes but not limited to

June 1, 2020, Phone conference request by attorney
June 1, 2020, Office visit request instead by Carter
June 1, 2020, Defendants reply informing Plaintiff they are working on a brief this week, can do Wednesday
June 3, 2020, Meeting in office held
June 3, 2020, Phone conference scheduled for next Tuesday, 3/9 and in the office meeting Friday, 3/12
June 9, 2020, Attorney response to questions about interrogatories and RFP
June 10 – 11, 2020, Interrogatories answered along with answers to initial question about contract
June 12 – 16, 2020, Plaintiff and Defendants continue work on case, but nothing completed
June 16, 2020, Defendant email Plaintiff about summer intern assistance
June 17, 2020, Defendant Kraus email Plaintiff regarding signature for DOL release authorization for FOIA request
June 17, 2020, Plaintiff emails everyone thanking them for a good day of work on case.
June 17, 2020, Defendants email Plaintiff about executed contract, stating, "Email if I have further questions."
June 18, 2020, Defendant Cusimano email Plaintiff informing Plaintiff of sent contract. Defendant

Cusimano also states, "We cannot do anymore work or produce these documents on your behalf without the signed agreement."
June 18, 2020, Plaintiff emails Defendants questions regarding contract
June 18, 2020, Defendants informs Plaintiff, Carter, "If you do not want to sign the contract that is your prerogative. We will no longer be representing you."
June 22, 2020, Email from attorney "happy to work with you"
July 20, 2020, Defendants withdrawal

7. The actions and inactions by the Defendants displayed a lack of Professional and violations of the Rules of Conduct. Defendants were negligent in their handling of Plaintiff, the Attorney – Client relationship, as well as communicating to and addressing Plaintiff questions and requests. The duty, once the attorney-client relationship is established, are numerous. These duties are owed to the client by the lawyer, which, among others, are to use utmost good faith in dealings with the client, to maintain the confidences of the client, and to use reasonable care in rendering professional services to the client. Such a contract may be either express or it may be implied from the actions of the parties.

8. Plaintiff complains that Defendant breached an obligation owed by terminating their representation of her, knowing that he would be unable to persuade another attorney to take her claims at this point in litigation during Covid, and thereby forcing Plaintiff to litigate her claims herself, although she was not competent to do so, without knowledge about how to enforce her rights under the law.

9. Plaintiff contends Defendants failure to do their job has yielded disastrous consequences, violating Plaintiff's trust in a way that caused more pain and loss of a case hat should have been won and desperately needed to be won.

10. Plaintiff's failure to know the law, incompetence in completing and filing paperwork, inadequate discovery, incomplete pleadings, and a bare bone case left by Defendants without any evidence or exhibits caused great harm and damage along with other damages resulting there from currently and

beyond. Level of angst, stress, increased as well as Plaintiff's current condition and comorbid symptoms.

Lawyer's failure to do his or her job can have disastrous consequences, and there's nothing quite as bad as having your trust violated in a way that causes you to lose a case that you should have won and desperately needed to win.

Defendants breach of contract and standard of care by disengaging abruptly, terminating representation prior to conclusion of suit, requiring Plaintiff, Carter to continue pro se.

## Count I

## Violations of Rules of Professional Conduct

### Negligence

Defendants acted knowingly and intentionally, poorly managing prior legal obligations and that due to Plaintiff, caused actual harm to Carter in that it delayed the trial proceedings for several months, which litigation was then impacted by covid-19. Defendant's did not communicate well with Plaintiff, consider Plaintiff's complaints nor address them as asked. Defendants did not provide Plaintiff with files upon request, despite being informed files would be given to successor counsel. Defendants failed to include all state claims, and additional claims and counts in the federal court complaint and amended complaint, despite multiple requests for such counts, violations, and additional defendants are added.

## Count II

### Breach of Contract and Standard of Care; Breach of Fiduciary Duty

#### Negligence

Defendants disobeyed Plaintiff's lawful instructions by taking an action when not instructed by the client to do so, by delaying or failing to handle a matter entrusted to the attorney's ordinary care by the client, or not using an attorney's ordinary care in preparing, managing, and presenting litigation that affects the client's interests. Not acting as a reasonable prudent attorney.

Upon terminating representation, Defendants claims establishing reason for disengagement was written in the light most favorable to defendants. Disengagement did not occur at a natural point, rather abruptly and during the Covid-19 pandemic. Defendants did not inform Plaintiff of uncompleted activities and recited only one important deadline – expert witness list.

As a result, Carter v. St. Tammany Parish School board, et al. was dismissed with prejudice on March 29, 2021 and is currently proceeding through the appellate process. While the full extent of damages and loss arising from this complaint/claim may not be fully known at this time, the action is subject to limitation and thus submitted to secure the claims arising from the attorney's wrongful acts or omissions.

Plaintiff submits that as a result of Defendants' blatant willful act and/or act of wanton disregard in the attorney-client relationship, managing Plaintiff's case, for each and/or all of the reasons set forth in Counts I and II hereinabove, Defendants are liable to Plaintiff for all damages she sustained which are recoverable under liability for malpractice, including her emotional distress, anxiety, worry, increase mental and physically deterioration, monetary losses, an equal amount in liquidated damages, interest on all sums due, punitive damages, and attorney fees. Plaintiff desires a jury trial for her claims arising out of the actions of Defendants.

WHEREFORE, premises considered, Plaintiff, Erin Carter, prays that this matter be set for trial, and for jury trial against Defendants, and that a there be judgment herein in her favor and against Defendants, individually and in their official capacity as Attorney, awarding Plaintiff compensation for emotional distress and anxiety, liquidated/punitive damages, attorney fees, interest on all sums due, costs, and all such other legal and equitable relief to which she may be entitled

Date: July 20, 2020

Respectfully Submitted:

*[signature]* 7/20/2021

Erin Carter

220 S. Calvin Ave.

Gonzales, LA 70737

(225) 450-2877

## LAEDdb_ProSeDocs

**From:** Mr. Carter <erinincluded@gmail.com>
**Sent:** Wednesday, July 21, 2021 12:28 AM
**To:** LAEDdb_ProSeDocs
**Subject:** Pro Se Complaint document for Civil Complaint - Pages
**Attachments:** scan_20210721062408.pdf

**CAUTION - EXTERNAL:**

The complaint cover pages scanned multiple pages omitting pages 4 and 5 of the courts pro se complaint forms for civil complaint. Here are the entire 5 pages.

Thanks,
Erin
225-450-2877

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

1